**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

ELECTRONICALLY FILED
06/25/2024
U.S. DISTRICT COURT
Northern District of WV

**WALSH, MARK (Lieutenant), individually,
ALDRICH, NEAL, (Lieutenant) individually,
BARBERIO, FRANK, (Fire Fighter First Class) individually,
BEXFIELD, SCOTT, (Fire Fighter) individually,
BLAKE, MICHAEL, (Fire Fighter First Class) individually,
BRADY, JONATHAN, (Lieutenant) individually,
BROWN, DYLAN, (Fire Fighter) individually,
CHAPMAN, JARED, (Fire Fighter) individually,
CROSS, MICHAEL, (Fire Fighter) individually,
CURREY, JONATHAN, (Fire Fighter) individually,
ELKO, BILLY, (Fire Fighter First Class) individually,
FITZPATRICK, IAN, (Lieutenant) individually,
FOSTER, CHRISTOPHER, (Fire Fighter) individually,
FOX, ARDEN, (Fire Fighter) individually,
GREEN, JAMES, (Deputy Chief) individually,
HALL, BRIAN, (Lieutenant) individually,
HANDSCHUMACHER, JON, (Fire Fighter First Class) individually,
HASTINGS, JEREMIAH, (Fire Fighter First Class) individually,
JONES, RICHARD, (Fire Fighter First Class) individually,
KNIGHT, WALTER, (Captain) individually,
MARINO, JADEN, (Fire Fighter) individually,
MARTIN, DARREN, Jr., (Fire Fighter) individually,
MAYLE, JUSTIN, (Fire Fighter First Class) individually,
MCINTIRE, STEPHEN, (Chief) individually,
NEVILLE, JACE, (Probationary Fire Fighter) individually,
PHILLIPS, ETHAN, (Fire Fighter) individually,
PULICE, ADAM, (Lieutenant) individually,
REEL, GERALD, (Lieutenant) individually,
REYNOLDS, ANDREW, (Fire Fighter First Class) individually,
ROHRBOUGH, NATHAN, (Fire Fighter First Class) individually,
RUNNER, CHRIS, (Lieutenant) individually,
SANDERS, JEFFREY, (Fire Fighter First Class) individually,
SANJULIAN, PATRICK, (Captain) individually,
SHINGLETON, CLAYTON, (Probationary Fire Fighter) individually,
SNYDER, DANNY, (Fire Fighter First Class) individually,
STALNAKER, JASON, (Lieutenant) individually,
TOMPKINS, JOSHUA, (Captain) individually,
WATTS, MARION, (Lieutenant) individually,
WEBB, CHRISTOFER, (Fire Fighter First Class) individually,
WEBB, JEFFREY, (Fire Fighter First Class) individually,
WEBBER, JUSTIN, (Fire Fighter) individually,
WOODS, BENJAMIN, (Fire Fighter) individually,**

**Civil Action**

**No.:** 1:24-CV-64 (Kleeh)

**and WRIGHT, JEFFREY, (Fire Fighter First Class) individually,**

        **Plaintiffs,**

**vs.**

**THE CITY OF CLARKSBURG,**
a municipal corporation,

        **Defendant.**

## COMPLAINT

**NOW COME** the Plaintiffs, Mark Walsh, *et al.*, by and through the undersigned counsel, Teresa C. Toriseva, Esq., Joshua D. Miller, Esq., and the office of Toriseva Law, and for their Complaint against the Defendant do so state and aver the following:

Prefatory Comment

The Plaintiffs in this lawsuit are current members of the City of Clarksburg Fire Department. As members of a West Virginia paid, professional fire department, the Plaintiffs work to ensure the citizens of the City of Clarksburg (hereinafter referred to as the "City" or "Defendant") are safe from fire hazards 24-hours a day, 7-days a week, 365-days a year. To meet the needs of the City, the Plaintiffs work 24-hour shifts and are regularly scheduled to work approximately 2,936 hours per year, or about 41% more hours per year than a typical full-time employee. As a result, each of the Plaintiffs works hundreds of hours of overtime per year. For decades, the City has not paid the Plaintiffs overtime compensation consistent with either state or federal law. The City has failed to properly calculate each Plaintiff's regular rate of pay and has been underpaying each employee for decades. Because the Plaintiff's regular rate of pay has been miscalculated, the City has not been paying the Plaintiffs their overtime compensation correctly.

The City's miscalculations have artificially reduced the Plaintiffs' pay to the tune of millions of dollars. This lawsuit seeks the recovery of the Plaintiffs' unpaid wages and overtime compensation.

All the plaintiffs herein, as members of the City of Clarksburg Fire Department, are similarly situated employees of the defendant and each is asserting rights arising out of the same transaction, occurrence, or series of transactions or occurrences and the questions of law or fact are common to all plaintiffs in this action.

## **PARTIES**

1. Plaintiff Mark Walsh is a Lieutenant in the Fire Department and is the President of IAFF Local 89. Mark Walsh is employed as a professional fire fighter with the Defendant City of Clarksburg and he is a West Virginia resident.

2. In addition, the other named Plaintiffs are also all current professional fire fighters of the Fire Department and they are as follows:

   i. Aldrich, Neal, (Lieutenant) Individually,
   ii. Barberio, Frank, (Fire Fighter First Class) Individually,
   iii. Bexfield, Scott, (Fire Fighter) Individually,
   iv. Blake, Justin, (Fire Fighter First Class) Individually,
   v. Blake, Michael, (Fire Fighter First Class) Individually,
   vi. Brady, Jonathan, (Lieutenant) Individually,
   vii. Brown, Dylan, (Fire Fighter) Individually,
   viii. Chapman, Jared, (Fire Fighter) Individually,
   ix. Cross, Michael, (Fire Fighter) Individually,
   x. Currey, Jonathan, (Fire Fighter) Individually,
   xi. Elko, Billy, (Fire Fighter First Class) Individually,
   xii. Fitzpatrick, Ian, (Lieutenant) Individually,
   xiii. Foster, Christopher, (Fire Fighter) Individually,
   xiv. Fox, Arden, (Fire Fighter) Individually,
   xv. Green, James, (Deputy Chief) Individually,
   xvi. Hall, Brian, (Lieutenant) Individually,
   xvii. Handschumacher, Jon, (Fire Fighter First Class) Individually,
   xviii. Hastings, Jeremiah, (Fire Fighter First Class) Individually,
   xix. Jones, Richard, (Fire Fighter First Class) Individually,
   xx. Knight, Walter, (Captain) Individually,
   xxi. Marino, Jaden, (Fire Fighter) Individually,
   xxii. Martin, Darren, Jr., (Fire Fighter) Individually,

    xxiii.    Mayle, Justin, (Fire Fighter First Class) Individually,
    xxiv.    McIntire, Stephen, (Chief) Individually,
    xxv.    Neville, Jace, (Probationary Fire Fighter) Individually,
    xxvi.    Phillips, Ethan, (Fire Fighter) Individually,
    xxvii.    Pulice, Adam, (Lieutenant) Individually,
    xxviii.    Reel, Gerald, (Lieutenant) Individually,
    xxix.    Reynolds, Andrew, (Fire Fighter First Class) Individually,
    xxx.    Rohrbough, Nathan, (Fire Fighter First Class) Individually,
    xxxi.    Runner, Chris, (Lieutenant) Individually,
    xxxii.    Sanders, Jeffrey, (Fire Fighter First Class) Individually,
    xxxiii.    Sanjulian, Patrick, (Captain) Individually,
    xxxiv.    Shingleton, Clayton, (Probationary Fire Fighter) Individually,
    xxxv.    Snyder, Danny, (Fire Fighter First Class) Individually,
    xxxvi.    Stalnaker, Jason, (Lieutenant) Individually,
    xxxvii.    Tompkins, Joshua, (Captain) Individually,
    xxxviii.    Watts, Marion, (Lieutenant) Individually,
    xxxix.    Webb, Christofer, (Fire Fighter First Class) Individually,
    xl.    Webb, Jeffrey, (Fire Fighter First Class) Individually,
    xli.    Webber, Justin, (Fire Fighter) Individually,
    xlii.    Woods, Benjamin, (Fire Fighter) Individually, and
    xliii.    Wright, Jeffrey, (Fire Fighter First Class) Individually.

3. The Plaintiffs are forty-four (44) current Fire fighters for the Fire Department and are employees of the Defendant City of Clarksburg.

4. The City of Clarksburg is a municipal corporation located in Harrison County, West Virginia.

5. Pursuant to section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Plaintiffs are similarly situated employees are as such, are permitted to and are filing their case jointly in one action.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S. Code § 1331.

7. Pursuant to 29 U.S.C.A. § 216 all plaintiff-employees have given their consent in writing to be a party to this action and the same is filed as a supporting document to this Complaint.

8. Venue is proper in this Court pursuant to 28 U.S. Code § 1391 in that a substantial part of the events or omissions described herein arose in Harrison County and the Defendant is a municipal corporation in this judicial district.

## FACTUAL BACKGROUND

### I.     City of Clarksburg Fire Department and Fire Fighters.

9. Currently, the Fire Department employs forty-three (43) professional fire fighters and one (1) fire chief.

10. All of the Plaintiffs are dedicated civil servants and are devoted to maintaining public safety in the City.

11. Unfortunately, due to the improper pay practices by the City, the Fire Department is facing critical personnel shortages.

12. The Fire Department is struggling to recruit new talent and to retain the fire fighters it does currently employ in order to maintain adequate coverage in its fire houses.

13. Like many other fire fighters across the country, the Plaintiffs work 24-hour shifts, from 8:00 a.m. one day to 8:00 a.m. the following day.

14. The City's fire fighters are divided into three separate shifts.

15. Shift "A" will work one day, then that shift will be off for 24-hours until working again.

16. During that 24-hour period, Shift "B" or Shift "C" will work a 24-hour shift and then Shift "A" will return and work a 24-hour shift. This rotation will repeat for four (4) calendar days, then Shift "A" will be off for four (4) days.

17. For example, the fire fighters assigned to Shift "A" are scheduled to work a total of 2,928 hours during 2024. The fire fighters on Shift "B" are scheduled to work a total of 2,952

hours during 2024. And the fire fighters on Shift "C" are scheduled to work a total of 2,904 hours during 2024.

18. Thus, the Fire Department's fire fighters are scheduled to work, on average, 2,936 hours in 2024. That is approximately 41% more scheduled hours than a typical full-time employee that works 40 hours per week.

II.     **How the City of Clarksburg's Fire Fighters are Compensated.**

19. When a fire fighter is hired by the City, he is provided with a written document, signed by a duly authorized representative of the City, agreeing to employ the individual as an employee and states the annual salary (hereinafter referred to as an "Agreement").

20. Additionally, when a fire fighter is promoted through the ranks under the West Virginia Civil Service Rules for Paid Fire Departments, W. Va. Code § 8-15-11, *et seq.*, the fire fighter receives another written Agreement indicating the promotion and the new increased base salary rate.

21. Each fire fighter also receives certain line item pays for longevity with the Fire Department and for "special assignment pay."

22. Longevity pay is a pay premium paid to fire fighters for their length of service with the Fire Department. Longevity pay is calculated from an annual pay supplement to the City's employees.

23. "Special assignment pay" is similar to hazard pay for fire fighters as it is a pay premium designed to enhance fire fighter pay because of the hazardous and dangerous job they perform.

24. Both line items are based on a stated annual amount. That annual amount is then calculated by the City into an hourly wage and added to a fire fighter's hourly rate.

25. A fire fighter's annual salary is equal to his base annual salary plus the longevity and special assignment pay line items.

26. Despite receiving written agreements that the City's fire fighters are compensated based on the basis of an annual salary, each Plaintiff is paid hourly for the hours worked at the Fire Department.

27. The issue in this case is that the City has failed, for decades, to accurately calculate each Plaintiff's hourly rate from the Plaintiff's respective annual salary.

28. Since at least the 1950s, the City has calculated its fire fighters' hourly pay based on 3,328 hours per year.

29. No one has been able to identify who determined that a fire fighter's hourly pay is based on 3,328 hours per year, when that figure was calculated, or how exactly it was calculated.

30. For decades, the City calculated the Plaintiffs' pay by dividing a fire fighter's stated annual salary by 3,328 hours.

31. None of the Plaintiffs are scheduled to work 3,328 hours in a given year.

32. The Defendant's use of 3,328 hours for calculating the Plaintiffs' regular rate of pay impermissibly decreases the Plaintiffs' actual regular rate of pay.

33. In late 2023 or early 2024, the City recalculated the number of hours it uses to calculate a fire fighter's regular rate of hourly pay from a stated annual salary.

34. The City now calculates a fire fighter's regular rate of hourly pay based on 3,406 hours instead of the prior 3,328 hour figure.

35. Again, none of the Plaintiffs are scheduled to work 3,406 hours in a given year.

36. It remains unclear who calculated the 3,406 figure, how it was calculated, or why the change was performed by the City.

37. The act of increasing the hypothetical number of hours that is used for calculating the fire fighter's hourly pay from 3,328 to 3,406 worked to further decrease the Plaintiff's regular rate of hourly pay.

38. The City's erroneous use of either the 3,328 or 3,406 hour figure has led to a chronic miscalculation of the Plaintiffs' regular rate of hourly pay and overtime pay rate.

III. **The City of Clarksburg's Policies and Procedures on Pay and Overtime Compensation.**

39. The City utilizes written policies for, among other things, fire fighter pay and benefits.

40. Based on information and belief, the City's most recent Personnel & Administrative Policies & Procedures Manual became effective on October 16, 2020 (hereinafter referred to as the "City's Handbook").

41. According to the City's Handbook, the City has established a work period that begins on Monday morning at 12:01 a.m. and continues to Sunday at midnight. Specifically, it states "The work week used to determine such overtime shall run from Monday morning 12:01 a.m. to Sunday midnight." (City's Handbook, ¶ 32).

42. Likewise, the City's Handbook also promulgates rules for overtime compensation to the City's employees.

43. The City's Handbook provides:

> Compensation for overtime hours shall be as follows:
> 1. Regular, full-time employees other than exempt employees and non 40-hour, regular, full-time employees with the fire department shall have the option to either.
>
>> a) Receive case payment equal to one and one-half (1 ½) times the employee's gross hourly rate.
>
>> OR

> b) receive compensatory time equal to one and one-half (1 ½) hours off for each one (1) hour worked.
>
> 2. *Non 40-hour, regular, full-time, non-exempt employees with the fire department shall receive a cash payment equal to one and one-half (1 ½) times the employee's gross hourly rate for all overtime hours worked.* Compensatory time shall not be made available as an option due to the unique scheduling requirements of the department.
> …
>
> Employees shall not work overtime hours without the prior approval of their department head or the department head's designee. If overtime hours are worked without prior approval, the employee shall not be compensated for those hours.

(City's Handbook, ¶ 32) (Emphasis added).

44. The City pays the Plaintiffs overtime pay in the form of one and one-half times the fire fighter's regular rate of hourly pay.

45. The City, however, has incorrectly calculated the Plaintiff's regular rate of pay.

46. Likewise, the Plaintiff's overtime rate of pay is also incorrect.

47. There is no stated policy or mathematical calculation for how the City calculates a fire fighter's regular rate of hourly pay from the stated annual salary.

48. The City's Handbook contains no such policy or mathematical calculation.

49. The City's calculation of a fire fighter's regular rate of hourly pay, when derived from a stated annual salary, is inconsistent with West Virginia law.

IV.  **Federal Law on Fire Fighter Pay and Overtime Compensation.**

50. Federal law requires that employers, including the City, pay non-exempt employees overtime compensation.

51. The Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (hereinafter referred to as the "FLSA") provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

52. The FLSA contains a partial overtime exemption for fire fighters. *Boggess v. City of Charleston*, 234 W.Va. 366, 378 (2014) (citing 29 U.S.C. § 207(k)).

53. Section 207(k) of the FLSA permits a public agency to adopt a work period ranging from a 7 to a 28-day period and pay overtime to a fire fighter when he or she works tours of duty in excess of the statutorily defined maximum work period. *Id*. at 379.

54. The FLSA also provides a method of calculating an employee's regular rate of pay from a stated annual salary.

55. The West Virginia Supreme Court in *Boggess* stated that:

> Where an employee is compensated on a salary basis, his regular hourly rate is computed by dividing the salary by the number of hours which the salary is intended to compensate.

*Id*. (Internal quotations omitted) (citing 29 C.F.R. § 778.113 (2011); *Monahan v. Cnty. of Chesterfield*, Va., 95 F.3d 1263, 1283 (4th Cir.1996).

56. In 1986 and 1988, the Department of Labor issued two letter rulings stating how fire fighter regular rates of pay are to be calculated from a stated salary. Secretary of Labor Letter Rulings (Nov. 19, 1986; May 18, 1988) *See* **Exhibit 1** and **Exhibit 2**.

57. Those letter rulings provided that "the regular rate of pay for a fire[]fighter who is paid [based on an annual salary] is computed by reducing the annual salary to its work-period

equitant to then dividing this amount by the number of hours which it is intended to compensate." Secretary of Labor Letter Rulings (Nov. 19, 1986; May 18, 1988).

58. The City does not calculate the Plaintiffs' regular rate of pay or their overtime rate of pay consistently with federal law and the FLSA.

**COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FOR FAILURE TO CALCULATE THE PLAINTIFFS' REGULAR RATE OF PAY OR THEIR OVERTIME RATE OF PAY**

59. Plaintiffs incorporate by reference in this count all material allegations set forth elsewhere in this complaint.

60. The Defendant is subject to the FLSA as it is an "employer" as defined by 29 U.S.C. § 203(d); 29 U.S.C. § 203(e)(2)(C).

61. The Plaintiffs are "employees" of the Defendant consistent with 29 U.S.C. § 203(e)(4),

62. Section 207 (a)(1) of the FLSA states in pertinent part " [e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a)(1).

63. Section 207(k) contains a partial overtime exemption for fire fighters. *Boggess*, 234 W.Va. at 378.

64. The FLSA requires that public agencies, including political subdivisions of a state, to calculate a fire fighter's regular rate of pay, when the basis for the fire fighter's pay is a stated annual salary, by "reducing the annual salary to its work-period equitant to then

dividing this amount by the number of hours which it is intended to compensate." Secretary of Labor Letter Rulings ((Nov. 19, 1986; May 18, 1988); *see also Boggess*, 234 W.Va. at 379.

65. The Defendant has used an incorrect mathematical calculation, by using either 3,328 or 3,406 hours, to calculate the Plaintiffs' regular rate of pay or overtime rate of pay.

66. None of the Plaintiffs are scheduled to work either 3,328 or 3,406 hours in a given year.

67. The Defendant failed to pay the Plaintiffs their regular rate of pay and their overtime compensation by failing to accurately calculate the Plaintiffs' regular rate of pay as required by the FLSA.

68. Consistent with 29 U.S.C. § 255(a), this Count of the Complaint is governed by a two year statute of limitations.

69. As the direct and proximate result of the Defendant's actions and inactions, the Plaintiffs make claims for all unpaid wages, including but not limited to, lost wages because of the City's miscalculation of the Plaintiffs' regular rate of pay, overtime rate of pay, plus costs and fees including attorneys' fees and witness fees.

**COUNT TWO: WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FOR FAILURE TO CALCULATE THE PLAINTIFFS' REGULAR RATE OF PAY OR THEIR OVERTIME RATE OF PAY**

70. Plaintiffs incorporate by reference in this count all material allegations set forth elsewhere in this complaint.

71. The Defendant has knowingly, intentionally, and willfully failed to accurately calculate the Plaintiffs' regular rate of pay from their stated annual salary.

72. The Defendant's use of and reliance on an incorrect formula for decades, without justification, was done in a knowing, intentional, and willful manner.

73. Following the revelation by unknown City employees and administrators that its methodology was incorrect, the City attempted to obfuscate the calculation and increase the divisor in its calculation from 3,328 to 3,406.

74. The City increase to the divisor resulted in a further reduction and miscalculation of the Plaintiffs' regular rate of pay and overtime pay.

75. The City's actions in increasing the divisor was done in a knowing, intentional, and willful manner.

76. Consistent with 29 U.S.C. § 255(a), this Count of the Complaint is governed by a three year statute of limitations.

77. The Defendant in this matter did repeatedly and willfully violate Section 207 of the FLSA.

78. As the direct and proximate result of the Defendant's actions and inactions, the Plaintiffs make claims for all unpaid wages, including but not limited to, lost wages because of the City's miscalculation of the Plaintiffs' regular rate of pay, overtime rate of pay, plus penalties, costs and fees including attorneys' fees and witness fees.

**COUNT THREE: LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*.**

79. Plaintiffs incorporate by reference in this count all material allegations set forth elsewhere in this complaint.

80. Section 216(b) of the FLSA states, in pertinent part "[a]ny employer who violates the provisions of [S]ection 206 or [S]ection 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime

compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b).

81. The Defendant has failed, for the last several decades, to accurately calculate the Plaintiffs' regular rate of pay, overtime rate of pay consistent with federal law and the FLSA.

82. The Defendant's actions and inactions in doing so were done in the absence of good faith and the Defendant had no reasonable grounds for believing that its actions or inactions did not violate the FLSA.

83. As the direct and proximate result of the Defendant's actions and inactions, the Plaintiffs make claims for all unpaid wages, including but not limited to, lost wages because of the City's miscalculation of the Plaintiffs' regular rate of pay, overtime rate of pay, plus liquidated damages, penalties, costs and fees including attorneys' fees and witness fees.

## PRAYER FOR DAMAGES

Plaintiffs respectfully request a judgment in their favor and against the Defendant and pray for all available relief and damages, including, but not limited to, declaratory relief, compensatory damages, statutory interest, liquidated damages, in an amount to be determined by the finder of fact at trial, plus costs and fees, including attorneys' fees, and any other relief this Court deems just and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS

By: /s/
Teresa C. Toriseva, Esq. WV ID# 6947
Joshua D. Miller, Esq. WV ID# 12439
TORISEVA LAW
1446 National Road
Wheeling, WV 26003
Telephone: (304) 238-0066
Facsimile: (304) 238-0149
Email: justice@torisevalaw.com
*Counsel for Plaintiffs*